UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re                                                    Chapter 11

    Anthony Rivara, et al.                          Case no.  14-72784

                Debtors.
----------------------------------------------------------x

## <u>NOTICE OF HEARING</u>

       PLEASE TAKE NOTICE, a hearing will be held on December 17, 2014 at 1:30 p.m. (the "Hearing") before the Honorable Robert E Grossman, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York  11792 (a) to consider the application of Anthony Rivara (the "Debtor") for the entry of orders substantially in the form annexed hereto, approving the Debtor's Disclosure Statement ("Disclosure Statement") under Section 1125 of the Bankruptcy Code and approving the sale procedures annexed to the Plan pursuant to section 1123 and 363 of the Bankruptcy Code.

       PLEASE TAKE FURTHER NOTICE, that a copy of the Disclosure Statement is filed with the Clerk of Court and is also available from the undersigned upon request.

       PLEASE TAKE FURTHER NOTICE, that objections, if any, must be in writing, served upon the undersigned Debtor's counsel, and filed with the Clerk of the Bankruptcy Court, with a courtesy copy to the Honorable Robert E Grossman's chambers, so as to be received at least seven (7) days prior to the Hearing date.

Dated: New York, New York
       November 10, 2014

                            BACKENROTH FRANKEL & KRINSKY, LLP

              By:    <u>s/ Mark Frankel</u>
                      800 Third Avenue
                      New York, New York  10022
                      (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re                                                              Chapter 11

     Anthony Rivara, et al.                              Case no.  14-72784

                Debtors.
---------------------------------------------------------x

## MOTION FOR ORDER APPROVING DISCLSOURE STATEMENT AND SALE PROCEDURES

          Anthony Rivara (the "Proponent" or the "Debtor"), as and for his motion ("Motion") pursuant to sections 105(a), 363, 365 and 1125 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of orders (a) approving the Debtor's Disclosure Statement ("Disclosure Statement") and (b) approving sale procedures (the "Sale Procedures") for the Debtor's property located at 249 Cleft Road, Mill Neck, New York (the "Property"), respectfully represent as follows:

          1.       By this Motion, the Debtor seeks approval of his Disclosure Statement and of the sale procedures annexed as Exhibit A to the Plan so that a sale of the Property can be approved at the confirmation hearing and consummated shortly thereafter.

          2.       The sale procedures are as follows:

## BIDDING AND AUCTION PROCEDURES

These Terms and Conditions of Sale are promulgated in connection with the auction sale (the "Sale") of the real property located at 249 Cleft Road, Mill Neck, New York (the "Property").

Time and Place of Sale:  The Sale will be held on _____, 2015 at 10:00 a. m. at the offices of _____.

Sale Pursuant to Chapter 11 Plan:  The Seller of the Property is Anthony Rivara (the "Debtor"). The sale shall be conducted pursuant to Bankruptcy Code section 363 and may also be conducted pursuant to the Debtor's Chapter 11 Plan of Reorganization (the "Plan").

Sale free and Clear of Liens:  The Sale of the Property shall be free and clear of liens, claims, and encumbrances, with any such liens, claims and encumbrances to attach to the sale proceeds, and disbursed pursuant to further order of the Bankruptcy Court.

Qualification to Bid:   In order to be qualified to bid on the Property, within seven days prior to the commencement of the Sale, each prospective bidder must deliver to the Debtor: (a) a bank check or wire transfer in the amount of one million dollars ($1,000,000) (the "Qualifying Deposit") payable to "Backenroth Frankel & Krinsky, LLC, as Attorneys" (b) evidence reasonably demonstrating such bidder's ability to consummate a sale on the terms proposed, and (c) a written offer to purchase substantially in the form annexed hereto.  No later than one business day before the Sale, each bidder will be notified by the Debtor whether the Debtor deems such bidder qualified to bid at the Sale.

Bidding: Bidding shall be conducted openly at the Sale.  The opening bid shall be $_____.  Minimum bidding increments shall be $_____.

Successful Bidder Additional Deposit: At the Sale, bidding will proceed as an auction, and once the bidding is complete, the Debtor shall determine the bidder with the highest or best bid for the Property at the sale (the "Successful Bidder"), bidding shall be deemed closed and no additional bids will be considered. Within one business day after the Successful Bidder is determined, the Successful Bidder shall be required to increase the Qualifying Deposit to an amount equal to ten percent of the winning bid, which amount shall serve as a good faith deposit against payment of the purchase price.  At the conclusion of the Sale, the Debtor's counsel will return the Qualifying Deposits to all other bidders, except the second highest bidder (the "Second Highest Bidder").

Hearing if Disputed Sale:  In the event that an issue exists as to which competing bid is higher or better, a hearing will be conducted by the Bankruptcy Court on that issue at a Hearing on the _____ day of _____, 2014 at _____ a.m., at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York  11792.

Sale Approval Order:  the Order approving the Sale shall contain the following findings of fact and conclusions of law: (a) that the terms and conditions of the sale are fair and reasonable, (b)

that the sale and the purchaser's purchase, of the Property pursuant to the Plan, is non-collusive, fair and reasonable and was conducted openly and in good faith, (c) that the transfer of the Property to the purchaser represents an arm's-length transaction and was negotiated in good faith between the parties, (d) that the purchaser, as transferee of the Property, is a good faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m), (e) the sale of the Property to the purchaser was not controlled by an agreement among potential purchasers, (f) that no cause of action exists against the Purchaser or with respect to the sale of the Property to the purchaser under Bankruptcy Code § 363(n), and (g) that any claims under Bankruptcy Code § 363(n) or any other claims as against the Purchaser are hereby released, waived and discharged.

Closing:  The Successful Bidder must pay the balance of the Purchase Price for the Property (the difference between the amount of the successful bid and the Qualifying Deposit) to the Debtor by bank check, or wire transfer at the closing of title to the Property (the "Closing").  The Successful Bidder must close title to the Property at a date that is no more than fifteen (15) days after the Order by the Bankruptcy Court approving the Sale is entered, TIME BEING OF THE ESSENCE as to the Successful Bidder, although such date may be extended solely by the Debtor.

Transfer Tax:  To the extent the Sale is approved under the Debtor's Chapter 11 Plan, pursuant to section 1146(c) Bankruptcy Code, (a) the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of any other Lien, mortgage, deed of trust or other security interest, (c) the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, pursuant to, in furtherance of, or in connection with, the Plan, including, without limitation, any deeds, bills of sale or assignments executed in connection with the purchase of the Property by the purchaser and any other transaction contemplated under the Plan or the re-vesting, transfer or sale of any real or personal property of the Debtor pursuant to, in implementation of, or as contemplated in the Plan, and (d) the issuance, renewal, modification or securing of indebtedness by such means, and the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, the Confirmation Order, shall not be subject any applicable document recording tax, stamp tax, conveyance fee or other similar tax, mortgage tax, real estate transfer tax, or other similar tax or governmental assessment.

Damages for Failure to Close:  Time is of the Essence as against the Successful Bidder and the failure of the Successful Bidder to either timely pay the additional Qualifying Deposit or timely close for any reason whatsoever (except as otherwise provided below) including its failure to pay the balance of the Purchase Price on the Closing Date, will result in the Debtor retaining the deposit as liquidated damages and the termination of the Successful Bidder's right to acquire the Property under these Terms and Conditions of Sale.  The Successful Bidder shall be obligated to close title to the Property and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel or avoid its obligation under these Terms and Conditions of Sale other than the Debtor's inability to deliver a quit claim deed to the Property.  Expenses incurred by the Successful Bidder, or any competing bidder relating to any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of such

bidder, and under no circumstances shall the Debtor or the Debtor's professionals be responsible for, or pay, such expenses.

<u>Backup Bidder</u>:  In the event that the Successful Bidder for the Property fails to tender the payment of the balance of the Purchase Price on the Closing Date, or otherwise perform any of its obligations under these terms and conditions of sale, the Debtor, at its sole option, shall be authorized to sell the Property to the Second Highest Bidder without any further notice without giving credit for the Deposit forfeited by the Successful Bidder, and upon such other terms and conditions as the Debtor deems appropriate.  Should the Second Highest Bidder fail to close on the Property, within such time as the parties may agree but not to exceed thirty (30) days after notice from the Debtor to the Second Highest Bidder, the Debtor shall be authorized to sell the Property to the next highest or best bidder, without the necessity of any further notice  All bidders will be bound by these Terms and Conditions of Sale, including, without limitation, those items set forth in the paragraphs above, except that the Second Highest Bidder must close within thirty (30) days of notification that his bid is accepted.  TIME IS OF THE ESSENCE.

<u>No Representations</u>:  The Debtor and the Debtor's professionals have not made and do not make any representations as to the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Property or the Sale, which might be pertinent to the purchase of the Property, including, without limitation, (i) the current or future real estate tax liability, assessment or valuation of the Property; (ii) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the compliance or non-compliance of the Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to obtain a change in the zoning or use, or a variance in respect to the Property; (iv) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (v) the current or future use of the Property; (vi) the present and future condition and operating state of any and all machinery or equipment on the Property and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (vii) the ownership or state of title of any personal property on the Property; (viii) the presence or absence of any laws, ordinances, rule or regulations issued by any governmental authority, agency or board and any violations thereof; (ix) any present or future issues concerning subdivision or non-subdivision of the Property; or (x) the compliance or non-compliance with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere on the Property.  Each bidder shall be deemed to have agreed and acknowledged that no such representations have been made.  The Debtor is not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Property, made or furnished by the Debtor or any real estate broker agent, employee, servant or other person or professional representing or purporting to represent the Debtor unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Debtor.  For the avoidance of doubt, neither the Debtor nor the Debtor's

professionals are authorized to provide any such warranties, guaranties, promises, statements, representations or information.

As Is Sale: The Property is being sold free and clear of all liens claims and encumbrances, with any such liens, claims and encumbrances to attach to the net proceeds of sale after deduction of any expenses of sale. Furthermore, the Property is being sold "AS IS", "WHERE IS" "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever and subject to, among other things, (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; and (e) environmental conditions. By delivering their respective Qualifying Deposits, each bidder is deemed to have acknowledged that it has had the opportunity to review and inspect the Property, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on its own independent investigations and inspections of the Property in making its bid. Neither the Debtor nor any of its representatives make any representations or warrantees with respect to the permissible uses of the Property, including but not limited to, the zoning of the Property. All bidders are deemed to have acknowledged that they have conducted their own due diligence in connection with the Property, and are not relying on any information provided by the Debtor or its professionals.

Deed: the Debtor shall convey the Property by delivery of a quit claim deed.

Broker: The Bankruptcy Court has approved the Debtor's application to retain _____ as real estate broker. _____ shall, among other things, market the Property and make recommendations to the Debtor as to who shall be a qualified bidder and who shall be the winning bidder at the sale of the Property.

Conduct of Sale: these Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the Sale of the Property. By making a bid for the Property, all bidders will be required to acknowledge these Terms and Conditions of Sale and agree to be bound by them.

Failure to Close: If the Debtor is unable to deliver title to the Property in accordance with these Terms and Conditions of Sale for any reason whatsoever or in the event that the Bankruptcy Court refuses to confirm the Plan or approve the sale of the Property pursuant to Section 363 of the Bankruptcy Code, the Debtor's only obligation will be to refund the Deposit, together with interest earned thereon, if any, to the Successful Bidder, and upon such refund, the Successful Bidder will have no claim or recourse against the Debtor or its professionals.

Breakup Fee: None

Bankruptcy Court Jurisdiction:  The Bankruptcy Court shall determine any disputes concerning the Sale of the Property. By participating in the Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes under the Debtors' pending case.

**The Proposed Sale**

3.      Bankruptcy Code section 1123(b)(4) specifically provides for the sale of a debtor's property under a Chapter 11 Plan.

4.      In addition, under Bankruptcy Code section 363(f), a debtor's property may be sold free and clear of any interest in such property of an entity other than the estate only if, among other things:  (a) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

5.      In this case, the Debtor intends to sell the Property under his plan. Recognizing that a sale under his plan may not be feasible, the Debtor seeks a separate sale procedures order permitting the sale to proceed even if the Plan does not.

6.      Since Bankruptcy Code section 363(f) is drafted in the disjunctive, satisfaction of any one of its five (5) requirements will suffice to permit the sale of the Property "free and clear" of Liens and Interests.  *See In re Dundee Equity Corp.*, 1992 WL 53743, at *12 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met."); *Accord In re Bygaph, Inc.*, 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y. 1986); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 fn.24 (6th Cir. 1991).

7.    In this case, all lien and interest holders will be adequately protected, because their liens and/or interests will attach to the net proceeds of the Sale, subject to any claims and defenses with respect thereto.

8.    Accordingly, the sale may be approved under Bankruptcy Code section 363(f), section 1123(b)(5) pursuant to the Debtor's Chapter 11 Plan, or under both sections..

9.    The Debtor has filed its plan and disclosure statement and by this Motion, the Debtor seeks approval of its disclosure statement so that the Debtor can proceed with a sale under the plan and a confirmation hearing.

10.    No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court enter an order substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
      November 10, 2014

BACKENROTH FRANKEL & KRINSKY, LLP
Attorneys for the Debtor


By:    s/Mark A. Frankel
       800 Third Avenue
       New York, New York 10022
       (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                        Chapter 11

     Anthony Rivara, et al.              Case no.  14-72784

                Debtors.
-----------------------------------------------------------x

## ORDER APPROVING SALE PROCEDURES

        Upon the motion of  Anthony Rivara(the "Debtor") for approval of, among other

things, sale procedures for the sale under the Debtor's proposed Plan of Reorganization ("Plan");

and upon the hearing held by the Bankruptcy Court in connection therewith, and upon the entire

record of this case, it is:

        ORDERED, that the sale procedures annexed hereto ("Sale Procedures") be, and

they hereby are, approved; and it is further

        ORDERED, that the Debtor be, and hereby is, authorized to sell the Property by

conducting an auction in accordance with the Sale Procedures; and it is further

        ORDERED, _____, 2015, at _____ __.m., or as soon thereafter as

counsel may heard, is fixed for the hearing on approval of the sale (the "Hearing") before the

Honorable Robert E. Grossman, at the United States Bankruptcy Court, 290 Federal Plaza,

Central Islip, New York  11792; and it is further

        ORDERED, that this Court shall retain jurisdiction over any matter or dispute

arising from or relating to the implementation of this Order.

## **BIDDING AND AUCTION PROCEDURES**

These Terms and Conditions of Sale are promulgated in connection with the auction sale (the "Sale") of the real property located at 249 Cleft Road, Mill Neck, New York (the "Property").

<u>Time and Place of Sale</u>:  The Sale will be held on _____, 2015 at 10:00 a. m. at the offices of _____.

<u>Sale Pursuant to Chapter 11 Plan</u>:  The Seller of the Property is Anthony Rivara (the "Debtor"). The sale shall be conducted pursuant to Bankruptcy Code section 363 and may also be conducted pursuant to the Debtor's Chapter 11 Plan of Reorganization (the "Plan").

<u>Sale free and Clear of Liens</u>:  The Sale of the Property shall be free and clear of liens, claims, and encumbrances, with any such liens, claims and encumbrances to attach to the sale proceeds, and disbursed pursuant to further order of the Bankruptcy Court.

<u>Qualification to Bid</u>:   In order to be qualified to bid on the Property, within seven days prior to the commencement of the Sale, each prospective bidder must deliver to the Debtor: (a) a bank check or wire transfer in the amount of one million dollars ($1,000,000) (the "Qualifying Deposit") payable to "Backenroth Frankel & Krinsky, LLC, as Attorneys" (b) evidence reasonably demonstrating such bidder's ability to consummate a sale on the terms proposed, and (c) a written offer to purchase substantially in the form annexed hereto.  No later than one business day before the Sale, each bidder will be notified by the Debtor whether the Debtor deems such bidder qualified to bid at the Sale.

<u>Bidding</u>: Bidding shall be conducted openly at the Sale.  The opening bid shall be $_____.  Minimum bidding increments shall be $_____.

<u>Successful Bidder Additional Deposit:</u> At the Sale, bidding will proceed as an auction, and once the bidding is complete, the Debtor shall determine the bidder with the highest or best bid for the Property at the sale (the "Successful Bidder"), bidding shall be deemed closed and no additional bids will be considered. Within one business day after the Successful Bidder is determined, the Successful Bidder shall be required to increase the Qualifying Deposit to an amount equal to ten percent of the winning bid, which amount shall serve as a good faith deposit against payment of the purchase price.  At the conclusion of the Sale, the Debtor's counsel will return the Qualifying Deposits to all other bidders, except the second highest bidder (the "Second Highest Bidder").

<u>Hearing if Disputed Sale</u>:  In the event that an issue exists as to which competing bid is higher or better, a hearing will be conducted by the Bankruptcy Court on that issue at a Hearing on the

_____ day of _____, 2015 at _____ a.m., at the United States Bankruptcy
Court, 290 Federal Plaza, Central Islip, New York  11792.

Sale Approval Order:  the Order approving the Sale shall contain the following findings of fact
and conclusions of law: (a) that the terms and conditions of the sale are fair and reasonable, (b)
that the sale and the purchaser's purchase, of the Property pursuant to the Plan, is non-collusive,
fair and reasonable and was conducted openly and in good faith, (c) that the transfer of the
Property to the purchaser represents an arm's-length transaction and was negotiated in good faith
between the parties, (d) that the purchaser, as transferee of the Property, is a good faith purchaser
under Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy
Code § 363(m), (e) the sale of the Property to the purchaser was not controlled by an agreement
among potential purchasers, (f) that no cause of action exists against the Purchaser or with
respect to the sale of the Property to the purchaser under Bankruptcy Code § 363(n), and (g) that
any claims under Bankruptcy Code § 363(n) or any other claims as against the Purchaser are
hereby released, waived and discharged.

Closing:  The Successful Bidder must pay the balance of the Purchase Price for the Property (the
difference between the amount of the successful bid and the Qualifying Deposit) to the Debtor
by bank check, or wire transfer at the closing of title to the Property (the "Closing").  The
Successful Bidder must close title to the Property at a date that is no more than fifteen (15) days
after the Order by the Bankruptcy Court approving the Sale is entered, TIME BEING OF THE
ESSENCE as to the Successful Bidder, although such date may be extended solely by the
Debtor.

Transfer Tax:  To the extent the Sale is approved under the Debtor's Chapter 11 Plan, pursuant to
section 1146(c) Bankruptcy Code, (a) the issuance, transfer or exchange of any securities,
instruments or documents, (b) the creation of any other Lien, mortgage, deed of trust or other
security interest, (c) the making or assignment of any lease or sublease or the making or delivery
of any deed or other instrument of transfer under, pursuant to, in furtherance of, or in connection
with, the Plan, including, without limitation, any deeds, bills of sale or assignments executed in
connection with the purchase of the Property by the purchaser and any other transaction
contemplated under the Plan or the re-vesting, transfer or sale of any real or personal property of
the Debtor pursuant to, in implementation of, or as contemplated in the Plan, and (d) the
issuance, renewal, modification or securing of indebtedness by such means, and the making,
delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in
connection with, the Plan, including, without limitation, the Confirmation Order, shall not be
subject any applicable document recording tax, stamp tax, conveyance fee or other similar tax,
mortgage tax, real estate transfer tax, or other similar tax or governmental assessment.

Damages for Failure to Close:  Time is of the Essence as against the Successful Bidder and the
failure of the Successful Bidder to either timely pay the additional Qualifying Deposit or timely
close for any reason whatsoever (except as otherwise provided below) including its failure to pay
the balance of the Purchase Price on the Closing Date, will result in the Debtor retaining the

2

deposit as liquidated damages and the termination of the Successful Bidder's right to acquire the Property under these Terms and Conditions of Sale.  The Successful Bidder shall be obligated to close title to the Property and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel or avoid its obligation under these Terms and Conditions of Sale other than the Debtor's inability to deliver a quit claim deed to the Property.  Expenses incurred by the Successful Bidder, or any competing bidder relating to any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of such bidder, and under no circumstances shall the Debtor or the Debtor's professionals be responsible for, or pay, such expenses.

Backup Bidder:  In the event that the Successful Bidder for the Property fails to tender the payment of the balance of the Purchase Price on the Closing Date, or otherwise perform any of its obligations under these terms and conditions of sale, the Debtor, at its sole option, shall be authorized to sell the Property to the Second Highest Bidder without any further notice without giving credit for the Deposit forfeited by the Successful Bidder, and upon such other terms and conditions as the Debtor deems appropriate.  Should the Second Highest Bidder fail to close on the Property, within such time as the parties may agree but not to exceed thirty (30) days after notice from the Debtor to the Second Highest Bidder, the Debtor shall be authorized to sell the Property to the next highest or best bidder, without the necessity of any further notice  All bidders will be bound by these Terms and Conditions of Sale, including, without limitation, those items set forth in the paragraphs above, except that the Second Highest Bidder must close within thirty (30) days of notification that his bid is accepted.  TIME IS OF THE ESSENCE.

No Representations:  The Debtor and the Debtor's professionals have not made and do not make any representations as to the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Property or the Sale, which might be pertinent to the purchase of the Property, including, without limitation, (i) the current or future real estate tax liability, assessment or valuation of the Property; (ii) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the compliance or non-compliance of the Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to obtain a change in the zoning or use, or a variance in respect to the Property; (iv) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (v) the current or future use of the Property; (vi) the present and future condition and operating state of any and all machinery or equipment on the Property and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (vii) the ownership or state of title of any personal property on the Property; (viii) the presence or absence of any laws, ordinances, rule or regulations issued by any governmental authority, agency or board and any violations thereof; (ix) any present or future issues concerning subdivision or non-subdivision of the Property; or (x) the compliance or non-

3

compliance with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere on the Property. Each bidder shall be deemed to have agreed and acknowledged that no such representations have been made. The Debtor is not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Property, made or furnished by the Debtor or any real estate broker agent, employee, servant or other person or professional representing or purporting to represent the Debtor unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Debtor. For the avoidance of doubt, neither the Debtor nor the Debtor's professionals are authorized to provide any such warranties, guaranties, promises, statements, representations or information.

<u>As Is Sale</u>: The Property is being sold free and clear of all liens claims and encumbrances, with any such liens, claims and encumbrances to attach to the net proceeds of sale after deduction of any expenses of sale. Furthermore, the Property is being sold "AS IS", "WHERE IS" "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever and subject to, among other things, (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; and (e) environmental conditions. By delivering their respective Qualifying Deposits, each bidder is deemed to have acknowledged that it has had the opportunity to review and inspect the Property, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on its own independent investigations and inspections of the Property in making its bid. Neither the Debtor nor any of its representatives make any representations or warrantees with respect to the permissible uses of the Property, including but not limited to, the zoning of the Property. All bidders are deemed to have acknowledged that they have conducted their own due diligence in connection with the Property, and are not relying on any information provided by the Debtor or its professionals.

<u>Deed</u>: the Debtor shall convey the Property by delivery of a quit claim deed.

<u>Broker</u>: The Bankruptcy Court has approved the Debtor's application to retain _____ as real estate broker. _____ shall, among other things, market the Property and make recommendations to the Debtor as to who shall be a qualified bidder and who shall be the winning bidder at the sale of the Property.

<u>Conduct of Sale</u>: these Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the Sale of the Property. By making a bid for the Property, all bidders will be required to acknowledge these Terms and Conditions of Sale and agree to be bound by them.

<u>Failure to Close</u>: If the Debtor is unable to deliver title to the Property in accordance with these Terms and Conditions of Sale for any reason whatsoever or in the event that the Bankruptcy

Court refuses to confirm the Plan or approve the sale of the Property pursuant to Section 363 of the Bankruptcy Code, the Debtor's only obligation will be to refund the Deposit, together with interest earned thereon, if any, to the Successful Bidder, and upon such refund, the Successful Bidder will have no claim or recourse against the Debtor or its professionals.

Breakup Fee: None

Bankruptcy Court Jurisdiction:  The Bankruptcy Court shall determine any disputes concerning the Sale of the Property.  By participating in the Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes under the Debtors' pending case.

CONTRACT dated as of the _____ day of _____, 2014, between Anthony Rivara, (the "Seller" or "Debtor") and _____ having an address at _____ _____ ("Purchaser").

Seller and Purchaser hereby covenant and agree as follows:

1. Sale of Premises

Paragraph 1.01. Seller shall sell or cause to be sold to Purchaser, and Purchaser shall purchase, at the price and upon the terms and conditions set forth in this contract: the real property located at 249 Cleft Road, Mill Neck, New York (the "Premises").

Paragraph 1.02.   Purchaser acknowledges that the Sale shall be conducted pursuant to an Order of the United States Bankruptcy Court for the Eastern District of New York (hereinafter the "Bankruptcy Court") in Case No.  14-72784, entitled "Bidding and Auction Procedures" (hereinafter the "Bidding Procedures") which was approved by the Bankruptcy Court on _____.

Paragraph 1.03. Purchaser acknowledges that this sale is subject to and governed by (1) the Orders of the Bankruptcy Court, (2) the provisions of the United States Bankruptcy Code (hereinafter the "Code"), (3) the laws of the State of Texas, to the extent they do not conflict with (1) and (2), above, and (3) the Bidding Procedures.

2. Purchase Price, Acceptable Funds

Paragraph 2.01. The purchase price ("Purchase Price") to be paid by Purchaser to Seller for the Premises is _____ Dollars or such other bid by the Purchaser approved by the Bankruptcy Court, payable as follows:

(A) on the signing of this contract, by Purchaser's check payable to the Escrowee (as hereinafter defined), subject to collection, the receipt of which is hereby acknowledged, to be held in escrow pursuant to Bidding Procedures as defined in Article 3 hereof  (the "Down Payment").

(B) THIS CONTRACT IS NOT SUBJECT TO ANY MORTGAGE CONTINGENCY.

(C) The balance at Closing (as hereinafter defined) in accordance with Section 2.02 hereof  (the "Cash Balance")

Paragraph 2.02. All monies payable under this contract, unless otherwise specified herein, shall be paid by (a) certified checks of Purchaser drawn on any bank, savings bank, trust company or savings and loan association having a banking office in the City of New York or (b) official bank checks drawn by any such banking institution, payable to the order of Seller (as

Seller shall direct) and bearing no endorsements, except that Attorney's Escrow Checks of Purchaser payable to the order of Seller (or as Seller directs) up to the amount of $1,000.00 shall be acceptable for sums other than the Purchase Price payable to Seller at Closing or (c) by wire transmission.

3. Escrow of Down Payment

Paragraph 3.01. (a) The Down Payment shall be paid by check or checks drawn to the order of and delivered to Backenroth Frankel & Krinsky LLP ("Escrowee").  The Escrowee shall hold the Down Payment in escrow in a non-interest bearing IOLA Account until the Closing or sooner termination of this Contract and shall pay over or apply the Down Payment in accordance with the terms of this section.  At the Closing, the Down Payment shall be paid by Escrowee in accordance with Bidding Procedures.  If for any reason the Closing does not occur and either party makes a written demand upon Escrowee for payment of such amount, Escrowee shall give written notice to the other party of such demand. If Escrowee does not receive a written objection from the other party to the proposed payment within 10 business days after the giving of such notice, Escrowee is hereby authorized to make such payment.  If Escrowee does receive such written objection within such 10 day period or if for any other reason Escrowee in good faith shall elect not to make such payment, Escrowee shall continue to hold such amount until otherwise directed by written instructions from the parties to this Contractor an order of the Bankruptcy Court. However, Escrowee shall have the right at any time to deposit the escrowed proceeds and interest, if any, thereon, with the clerk of the Court of the Supreme Court, New York County. Escrowee shall give written notice of such deposit to Seller and Purchaser. Upon such deposit Escrowee shall be relieved and discharged of all further obligations and responsibilities hereunder.

(b) The parties acknowledge that Escrowee is acting solely as a stakeholder at their request and for their convenience, that Escrowee shall not be deemed to be the agent of either of the parties, and that Escrowee shall not be liable to either of the parties for any act or omission on its part unless taken or suffered in bad faith, in willful disregard of this Contract or involving gross negligence. Seller and Purchaser shall jointly and severally indemnify and hold Escrowee harmless from and against all costs, claims and expenses, including reasonable attorneys' fees, incurred in connection with the performance of Escrowee's duties hereunder, except with respect to actions or omissions taken or suffered by Escrowee in bad faith, in willful disregard of this Contractor involving gross negligence on the part of the Escrowee.

(c) Escrowee or any member of its firm shall be permitted to act as counsel for the Debtor in any dispute as to the disbursement of the Down Payment or any other dispute between the parties whether or not Escrowee is in possession of the Down Payment and continues to act as Escrowee.

(d) Escrowee acknowledges receipt of the Down Payment by certified, bank check subject to collection or wire transmission and Escrowee's agreement to these provisions by signing in the place indicated on the signature page of this contact.

4. The Closing

Paragraph 4.01. The conveyance of title to the Premises by the Seller to Purchaser, and payment of the Balance by Purchaser to the Seller or as Seller directs shall take place 15 days following the entry of a Bankruptcy Court order approving the transaction (the "Closing").  The Closing is to be held at the office of _____.

5.   Acknowledgments of Purchaser

Purchaser acknowledges that:

Paragraph 5.01. Purchaser has inspected the Premises, made all appropriate inquiries into the previous ownership and uses of the Premises, is fully familiar with the physical condition and state of repair thereof, and shall accept the Premises "as is" and in their present condition, including the environmental conditions as reflected in the Terms of Sale annexed hereto, without any reduction of the Purchase Price for any change in such condition by any reason thereof subsequent to the date of this contract.  The Terms of Sale set forth conditions which Purchaser agrees to accept, including any covenant, easement, and/or deed restriction, and any other future obligation relating thereto.

Paragraph 5.02. Before entering into this contract, Purchaser has made such examination of the Premises, the physical condition and state of repair thereof including the environmental conditions. In entering into this contract, Purchaser has not been induced by and has not relied upon any representations, warranties, or statements, whether express or implied, made by Seller or any agent, employee, or other representative of Seller or by any other person representing or purporting to represent Seller which are not expressly set forth in this contract, whether or not any such representations, warranties or statements were made in writing or orally.

Paragraph 5.03. In the event of any default by the Purchaser in the terms of this agreement, the damages which are due to the Seller, by reason of said default, shall be deemed liquidated in the sum of money deposited upon the signing of this Contract as the Down Payment this day as hereinabove set forth, as Seller's sole remedy, it being agreed that Seller's damages in case of such default might be impossible to ascertain and that the Down Payment constitutes a fair and reasonable amount of damages under the circumstances and is not a penalty.

7.  Seller's Closing Obligations

At the closing, Seller shall execute and/or deliver or cause to be executed and/or delivered to Purchaser the following:

3

Paragraph 7.01. A quit claim deed, executed by the Debtor in proper form for recording so as to convey to Purchaser the fee title to the Premises, including recorded encumbrances as required by this Contract.

Paragraph 7.03. The right to possession of the Premises in condition required by this contract, subject to the provisions hereinabove and to the provisions of the Code and the laws of the State of New York governing the rights to possession upon the conveyance of the deed subject to any Order of the Bankruptcy Court and the Bidding Procedures.  Seller shall not be obligated to bring any motion or proceeding for the purpose of obtaining possession of any part of the Premises, or to remove any tenant or occupant therefrom after delivery of the Deed.

Paragraph 7.04. Any other documents required by this Contract or by law to be delivered by Seller to consummate this transaction.

8.  Purchaser's Closing Obligations

At the Closing, Purchaser shall execute and/or deliver:

Paragraph 8.01.  Monies as defined above in payment of the Cash Balance.

Paragraph 8.02.  All required tax forms, questionnaires, and affidavits, and cause all such returns to be issued at the Closing and delivered to the representative of Purchaser's title company for delivery to the appropriate public officers promptly after the closing.  Purchaser will pay all applicable transfer taxes and recording fees.

Paragraph 8.03.  Any other documents required by this Contract or by law or reasonably required by seller to be executed and/or delivered by Purchaser to consummate this transaction.

9.  Apportionments

Paragraph 9.01. The parties specifically acknowledge that there shall be no apportionments made as of the date of closing, whether for taxes, water or sewer charges, emergency repair liens, assessments, rents, fuel, or any other matters relating hereto.

10.  Objections to Sale

Paragraph 10.01. This Contract shall automatically terminate if the Court rejects the Sale or if Seller shall be unable to cause title to the Premises to be conveyed to Purchaser at the Closing Date or any adjournments thereof in accordance with the provisions of this Contract and the Bidding Procedures.  Purchaser nevertheless may elect either (i) to accept such title as Seller may be able to have conveyed, but without any abatement of or other credit to the Purchase Price or liability on the part of Seller or (ii) to terminate this contract. The sole liability of Seller shall

be to refund the Down Payment and interest thereon, if any, to the Purchaser and this Contract shall be null and void and the parties hereto shall be relieved of all further obligations and liability.  Seller and Mortgagee shall not be required to bring any action or proceeding or to incur any expense to cure any title defect or to enable Seller otherwise to comply with the provisions of this contract, except as may otherwise be provided in this Contract.

Paragraph 10.02. Purchaser shall take title to the subject Premises "as is" and subject to: any state of facts an accurate survey may show; encroachments, covenants, easements, and restrictions of record, if any; violations, fines, penalties, zoning regulations, and ordinances of the Village, Town, County, State, or other district in which said Premises lie.  Purchaser is aware of and agrees to the Terms of Sale which are attached to this Contract and required hereunder.

## 11.  Notices

Paragraph 11.01. All notices under this Contract shall be in writing and shall be delivered personally, by nationally recognized overnight courier, addressed to Seller's Attorney, on behalf of the Seller, at the address set forth below, and to Purchaser addressed to Purchaser's Attorney at the address set forth below.

Seller's attorneys, Backenroth, Frankel & Krinsky, LLP, 800 Third Avenue, New York, NewYork 100l7

Purchaser's Attorney:

## 12.  Limitations on Survival of Representations, Warranties, Covenants and other Obligations

Paragraph 12.01. Except as otherwise expressly set forth in this contract, no representations, warranties, covenants or other obligations of Seller and/or Purchaser set forth herein shall survive the Closing except as specifically provided to survive, and no action based thereon shall be commenced after the Closing except as to such representations specifically provided to survive.

Paragraph 12.02. The delivery of the deed by the Seller and the acceptance thereof by Purchaser shall be deemed the full performance and discharge of every obligation on the part of Seller to be performed hereunder, except those obligations, if any, of Seller which are expressly stated in this Contract to survive.

## 13.  Assignment of Contract

Paragraph 13.01.  Purchaser shall not assign this Contract or its rights hereunder without the prior written consent of the Debtor, and any purported assignment without such consent shall be void.

Paragraph 13.02.  Seller shall assign pending tax certiorari actions, if any, to Purchaser without any representations or warranties, and without any further obligation of Seller, except to execute such documents as may be necessary to effectuate such assignment.

14.  Miscellaneous Provisions

Paragraph 14.01 THE PROVISIONS OF THE BIDDING PROCEDURES AND THE ORDERS OF THE COURT ARE A PART OF THIS CONTRACT. ANY CONFLICT WITH SUCH IN THIS CONTRACT WILL NOT BE DEEMED TO AMEND OR ALTER SAID PROCEDURES OR ORDERS.

Paragraph 14.02. Subject to the provisions of Paragraph 14.01, this Contract embodies and constitutes the entire understanding between the parties with respect to the transaction contemplated hereby, and all prior agreements, understandings, representations and statements, oral or written, are merged into this contract. Neither this Contract nor any provision hereof may be waived, modified, amended, discharged, or terminated except by an instrument signed by the party against whom the enforcement of such waiver, modification, amendment, discharge, or termination is sought, and then only to the extent set forth in such instrument.

Paragraph 14.03.  This Contract shall be governed by, and construed in accordance with, the Bankruptcy Code and the Orders of the Bankruptcy Court and, where it does not conflict with the Code or any Order of the Bankruptcy Court or the Bidding Procedures, the laws of the State of Texas.

Paragraph 14.04. The captions in this Contract are inserted for convenience or reference only and in no way define, describe, or limit the scope or intent of this Contractor any of the provisions hereof.

Paragraph 14.05. This Contract shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs or successors and permitted assigns.

Paragraph 14.06. This Contract shall not be binding or effective until properly executed and delivered by Seller and Purchaser, together with all amounts required to be paid pursuant to 2.0l(A) hereto.

Paragraph 14.07. As used in this contract, the masculine shall include the feminine and neuter, the singular shall include the plural, and the plural shall include the singular, as the context may require.

Paragraph 14.08. Subject to Paragraph 14.01, if the provisions of any schedule or rider to this Contract are inconsistent with the provisions of this contract, the provisions of such schedule or rider shall prevail.

IN WITNESS WHEREOF, the parties hereto have executed this Contract as of the date first above written.

Seller:

By:

6

Purchaser:

By:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                    Chapter 11

     Anthony Rivara, et al.                          Case no.  14-72784

                 Debtors.
---------------------------------------------------------x

**ORDER APPROVING DISCLOSURE STATEMENT AND FIXING TIME FOR ACCEPTANCES OR REJECTIONS OF PLAN, COMBINED WITH NOTICE THEREOF**

        A Disclosure Statement ("Disclosure Statement") under chapter 11 of the Bankruptcy Code having been filed by Anthony Rivara (the "Debtor") on November 5 ___, 2014, referring to a Plan of Reorganization filed by the Debtor on November 5, 2014 ("Plan"); and it having been determined after hearing on notice that the Disclosure Statement contains adequate information;

        IT IS ORDERED, and notice is hereby given that:

        A.     The Disclosure Statement is approved.

        B.     _____ ___, 2015 at 5:00 p.m. is fixed as the last day for submitting written acceptances or rejections to the Plan referred to above, and ballots indicating acceptance or rejection of the Plan must be received by Backenroth Frankel & Krinsky, LLP, at its offices located at 800 Third Avenue, New York, New York 10022, on or before _____, 2014 at 5:00 p.m., in order to be counted with regard to acceptance or rejection of the Plan.

        C.     Within __ days after entry of this order, the Plan, the Disclosure Statement, and a ballot conforming to Official Form 14, shall be mailed to creditors, equity security holders and other parties in interest, and shall be transmitted to the United States Trustee as provided in Fed. R. Bankr. P. 3017(d).

        D.     _____, 2015, at _____ __.m., or as soon thereafter as counsel may heard, is fixed for the hearing on confirmation of the Plan (the "Hearing"), before the Honorable Robert Grossman, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York  11792.

E.	_____, 2015 is fixed as the last day for filing and serving written objections to the confirmation of the Plan pursuant to Fed. R. Bankr. p. 3020(b)(1), which objections must be filed, served and received by the Debtor's attorneys and the Clerk of Court, with a courtesy copy to Judge Grossman's chambers, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York  11792.

I.	This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.